## Commonwealth, to use, v. Spangler et al.

A. M. Matthews, William J. Blimmel and James B. Landis, district attorney, for Commonwealth.

J. A. Berkey, for defendants.

BOOSE, P. J., January 9, 1931.—On June 3, 1929, by an order of the Court of Quarter Sessions of Somerset County, entered to No. 93, December Sessions, 1925, Arthur Spangler, one of the above-named defendants, was directed to pay the sum of $80 per month to Ira Friedline, clerk of courts, for the support and maintenance of his wife, Hilda Spangler, and their minor children, until further order of said court, and to enter bond in the sum of $500, with sureties, for the faithful compliance with said order.

On June 14, 1929, in obedience to said order, the said Arthur Spangler and J. L. Simler, as surety, entered their recognizance in the office of the clerk of

courts in the sum of $500, conditioned for the compliance with said order, which contained a warrant of attorney empowering the district attorney or the solicitor of Somerset County to confess judgment thereon in case of default. On March 11, 1930, the district attorney confessed judgment upon said recognizance in favor of the above-named plaintiff and against said defendants, to the above-stated number and term, for the sum of $500, and accompanied said confession by a certificate of default, setting forth that the said Arthur Spangler, principal, and J. L. Simler, surety, had defaulted in the payments under the aforesaid order to the amount of $270.35, and caused an execution to be issued on said judgment. On April 22, 1930, both of said defendants presented petitions setting forth that the said Arthur Spangler, since the date of making said maintenance order, had paid into the hands of the clerk of courts, to his wife and to other persons for her use and benefit, sums of money aggregating $459.71; alleging that he was not in default in his payments under said order, and praying for a rule to show cause why said judgment should not be opened and defendants let into a defense. On June 10, 1930, the rules to show cause why said judgment should not be opened were made absolute and the following issue framed: The judgment bond to stand as the plaintiff's declaration or statement of claim, the petition to open as the affidavit of defense, and the answer thereto as the plaintiff's reply, and the case was ordered on the trial list.

Upon the trial of this issue before a jury, the plaintiff offered in evidence the bond, the order of the court of quarter sessions and the certificate of default, and rested. Thereupon the defendants moved for a compulsory nonsuit, which was refused. The defendants then introduced evidence showing the following payments, claimed as credits under the aforesaid maintenance order: To the clerk of courts, $180; to daughter, Billy Spangler, $40 and $15; to Ivor Thomas, $79.50; to A. R. Wicks, $28; to Emil Schwing, $35; and to John Thomas & Sons, $70, aggregating the total sum of $412.50. At the conclusion of the testimony, the court directed the jury to return a verdict in favor of the plaintiff for $326.35, reserving the question whether the plaintiff is entitled to recover anything against either of the defendants, after passing upon the question whether the defendant, Arthur Spangler, is entitled to certain credits. The defendants have filed motions for a new trial and for judgment *non obstante veredicto*, which are now before us.

Before disposing of these motions, we shall first pass upon the question reserved. It is conceded that the defendant, Arthur Spangler, paid into the office of the clerk of courts the sum of $180, for which amount he is entitled to credit under the support order; and if he had made all his payments into said office as directed by the hereinafter quoted order, this dispute would probably not have arisen. However, it further appears from the defendant's evidence that he made sundry payments direct to other persons for the use and benefit of the wife, as above set forth, amounting to $232.50. The wife and children having received the use and benefit of these payments, we think he is entitled to credit therefor. The aggregate amount of all his payments and credits is $412.50. The next question is whether said defendant is in default under said order of maintenance after allowing him credit for said amount? It is conceded on both sides that the time of maintenance in question is from June 3, 1929, to March 24, 1930, a period of nine months and twenty-one days, or 9.7 months. If the said defendant's liability is at the rate of $80 per month, as contended by the plaintiff, then his total indebtedness for said period would have been $776, less the aforesaid credit of $412.50, or a balance of $363.50. If, however, his liability is at the rate of only $40 per month, as contended for by the defendants, then his total indebtedness

for said period would have been only $388, or $24.50 less than the amount of his credits.

The underlying and controlling question in this case—and which has brought about this wide divergence of the respective contentions of the parties—is the discrepancy between the order made by the court of quarter sessions and the condition of the bond or recognizance given to comply therewith. The said order reads as follows:

"And now, 3rd day of June, 1929, the order of the court is that you, Arthur R. Spangler, pay the costs of prosecution, and pay into the office of the clerk of courts' the sum of eighty dollars monthly, to be remitted by the clerk to Mrs. Hulda R. Spangler, the prosecutrix, at her last known post office address, for her support and that of the children until further order of the court; and that you enter into recognizance to the Commonwealth of Pennsylvania with one or more sureties, in the sum of five hundred dollars, to be approved by the clerk, to perform the foregoing order, and on failure to comply with this order presently, you stand committed in the custody of the High Sheriff of Somerset County until discharged by due course of law."

The condition of the bond or recognizance is as follows:

"The condition of this obligation is such that if the above bounden defendant shall pay, each and every month the sum of $40, in addition to $40 pension received by the wife, to Ira Friedline, clerk of courts, toward the support and maintenance of Hulda Spangler and your minor children until further order by the court, pursuant to the terms of the order made and entered by the said court in the above stated case, on the 3rd day of June, 1929, without default, then this recognizance to be void and of no effect; otherwise to be and remain in full force and virtue."

If this were a proceeding to enforce the order of support by attachment or otherwise, we should have no difficulty in fixing or determining the liability of the defendant, Arthur Spangler, at the sum of $363.50, that being the amount of his arrearage or default under said order. But it is not; it is a proceeding upon the bond, and the liability of both principal and surety must be determined by their undertakings under said obligation. Their undertaking under this bond is that the defendant, Arthur R. Spangler, "shall pay, each and every month, the sum of $40, in addition to $40 pension received by the wife, to Ira Friedline, clerk of courts," etc. It would be placing an unreasonable construction upon the condition of this bond to hold that the husband and his surety intended to obligate themselves for the payment of a monthly pension by the United States Government and to pay $40 per month in addition thereto. Clearly, it was the intention that the wife would receive a pension of $40 per month from the United States and that the defendants should obligate themselves for the payment only of an additional $40 per month, in order to afford a total monthly income of $80 to her. Notwithstanding that the liability of Arthur R. Spangler, one of the defendants, under said order of support is $80 per month, his liability, as well as that of his surety, under the bond, is only $40 per month; and as we have already pointed out, the amount of his payments and credits is in excess of his liability under the bond for the period of time in question. It necessarily follows that the plaintiff is not entitled to recover against either of the defendants upon the bond in suit.

## Decree.

And now, January 9, 1931, the motion for a new trial is overruled, and judgment is directed to be entered in favor of the defendants notwithstanding the verdict.                                    Mrs. Daryle R. Heckman, Somerset, Pa.